THE ROSENFELD LAW OFFICE PLLC
Avinoam Y. Rosenfeld Esq.
156 Harborview South
Lawrence, New York 11559
PH. (516) 547-1717
Aviyrosenfeld@aol.com
*Attorneys for Defendants*:
Zevest Realty LLC & Esther Goldstein

<u>Via CM/ECF</u>
Honorable Peggy Kuo
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB51 v. Zevest Realty, LLC, et al. Case No. 1:24-cv-08430-NCM-PK

Dear Judge Kuo,

I write in response to the status report uploaded by Plaintiff's counsel, Carter J. Wallace. Counsel continues to engage in a letter writing campaign to the Court presenting information that is less than truthful.

First, counsel attempts to infer that he attempted to secure my consent to the filing of the status report and that I failed to respond. What he conveniently fails to mention is that the only time he reached out to me was in an email dated October 29, 2025, at 12:33 PM on the day the report was due.

I was engaged in a deposition that afternoon and did not see his email. Notwithstanding, I wish to correct several inaccuracies contained therein. By email dated October 21, 2025, Defendants proposed an offer of settlement to resolve the entire foreclosure matter. To date, counsel has still failed to respond with a determination from his client.

Secondly, Defendants provided responses to almost every single request made by the Receiver in a timely manner. Notwithstanding the staggered production, the Receiver has been able to discharge all of its responsibilities to the property. For example, all rents and tenant communications are being had by the Receiver directly with the tenants at the property. All keys and other combination locks at the property are in the possession of the Receiver. The Receiver was given complete control over the Property.

Defendants provided a complete list of vendors and their phone numbers; a directory of tenant information; keys and pass codes; a W-9; a certificate of insurance; and, all leases. Defendants did respond that it does not maintain responsive information concerning: February and March month-to-date financials; a check register or general ledger; security deposit ledger (no security deposits were retained); an account receivable report; account payable report with associated invoices; and, a 2024 and 2025 operating budget.

Defendants are unable to produce the March 2025 rents collected nor the bank statements for Zevest Realty for February 2025 and month-to-date accounting for March 2025 bank statements. This is primarily because the account was closed and Defendants did not retain the physical statements. Furthermore, having reviewed an email on point from the bank, I understand that the account was overdrawn and the bank is being less than forthcoming with providing access to this information until the negative account balance is brought to zero.

There is a distinction between failing to comply with this Court's order versus being unable to produce information that the Defendant's no longer have access to.

Accordingly, I submit to this Court that although there was a delay in responding to the information requested by the Plaintiff's attorney, this Court should not strike Defendants' answers.

Finally, Mr. Wallace requests attorney's fees for various costs incurred in connection with

pursuing a motion to compel. That motion is moot.

During the last conference, I explained to the Court that for more than six months now I have been undergoing treatment for a life-threatening illness which has limited my ability to timely respond to certain information requested. This was further compounded by Defendants having lost access to their financial banking statements. Notwithstanding, this hasn't impeded in any manner the Receiver's ability to control the property and collect rent.

It's become apparent to me that Mr. Wallace is impervious to my medical health and my request for him to forgo the pursuit of fees has gone on deaf ears. Pursuant to Federal Rules of Civil Procedure 11(c)(2), a formal motion must be made on notice and not via a written letter to the Court. For these reasons, I respectfully request this Court to deny Mr. Wallace's request.

DATED:    Lawrence, New York
               October 30th, 2025

Respectfully submitted,

By: *S /Avi Rosenfeld/ S*
     Avi Rosenfeld Esq.