UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
U.S. BANK NATIONAL ASSOCIATION, AS    :
TRUSTEE FOR THE REGISTERED HOLDERS :
OF WELLS FARGO COMMERCIAL    :
MORTGAGE SECURITIES, INC.,    :
MULTIFAMILY MORTGAGE PASS-    :
THROUGH CERTIFICATES, SERIES 2018-    :
SB51,    :
   :
              Plaintiff,    :
   :
        -against-    :
   :
ZEVEST REALTY, LLC, ESTHER    :
GOLDSTEIN, THE CITY OF NEW YORK    :
ENVIRONMENTAL CONTROL BOARD, and :
JOHN DOE NO. I through JOHN DOE NO.    :
XXX, inclusive, the last thirty names being fictitious:
and unknown to Plaintiff, the persons or parties    :
intended being the tenants, occupants, persons, or :
corporations, if any, having or claiming an interest :
in or lien upon the premises described in the    :
Complaint,    :
   :
              Defendants.    :
------------------------------------------------------------------ X

**REPORT AND RECOMMENDATION**

24-CV-8430 (NCM)(PK)

**Peggy Kuo, United States Magistrate Judge:**

U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB51 ("Plaintiff"), brought this mortgage foreclosure action against Zevest Realty, LLC ("Zevest Realty"), Esther Goldstein (together with Zevest Realty, "Borrower Defendants"), the City of New York Environmental Control Board, and John Doe No. I through John Doe No. XXX (collectively, "Defendants").  Plaintiff has filed a motion requesting that the Court strike Borrower Defendants' Answer and impose monetary sanctions on Borrower Defendants and their counsel.  ("Motion," Dkt. 32.)  The Honorable Natasha C. Merle referred the Motion for a report and recommendation.  For the reasons stated below, I respectfully recommend that the Motion be denied.

1

**BACKGROUND**

Defendant Zevest Realty is the borrower on a commercial mortgage loan in the original principal amount of $3,650,000.00, which is secured by a mortgage on certain real property located at 247 New York Avenue, Brooklyn, New York 11216 ("Property"). (Compl. ¶¶ 19-21). Plaintiff is the holder and owner of the loan. (*Id.* ¶ 27.) Defendant Goldstein executed a guaranty pursuant to which she personally guaranteed Zevest Realty's loan obligations. (*Id.* ¶ 23.) Plaintiff alleges that Zevest Realty defaulted on the loan by failing to make the required monthly payments. (*Id.* ¶¶ 29-36.)

Shortly after Borrower Defendants were served with the Summons and Complaint (Affs. of Service, Dkts. 8, 10), Plaintiff filed a motion to appoint receiver on January 21, 2025 to take possession of, secure, and administer the Property pending resolution of this foreclosure action. ("Motion to Appoint Receiver," Dkt. 12.)

On February 27, 2025, Borrower Defendants filed an Answer.[1] (Dkt. 14.) They did not file any response to the Motion to Appoint Receiver. *See* Judge Kuo's Individual Practice Rule VI(A)(2)(c) (requiring that responses in opposition to non-dispositive non-discovery motions be filed within ten business days).

At the initial conference held on March 14, 2025, Borrower Defendants requested additional time to file an opposition to the Motion to Appoint Receiver, but the request was denied as untimely. (Mar. 14, 2025 Minute Entry.) *See* Judge Kuo's Individual Practice Rule IV(D) (requiring extension requests to be filed two business days before deadline absent emergency). Borrower Defendants then stated that they did not oppose the Motion to Appoint Receiver.

The Court appointed Ian Lagowitz of Trigild IVL (the "Receiver") to act as receiver. (Mar. 18, 2025 Order ("Receiver Order"), Dkt. 23.) The Receiver Order directed Zevest Realty to deliver

---

[1] A certificate of default was entered against the City of New York Environmental Control Board (Dkt. 46), and Plaintiff has not identified any of the John Doe Defendants.

possession of the Property and all related records, keys, rents, security deposits, contracts, financials, and management documents to the Receiver "effective immediately." (Receiver Order at 2-3.)

Borrower Defendants provided some, but not all, of the items that were ordered to be delivered to the Receiver. (*See* Decl. of Carter Wallace, Esq. ("Wallace Decl."), Dkt. 28-1; Decl. of Ian Lagowitz ("Receiver Decl."), Dkt. 28-7.) Specifically, as of May 2, 2025, the following items remained outstanding: (1) contact information for the tenants and vendors; (2) copies of all service contracts with the vendors; (3) utility account information with passcodes; (4) financials for February, March, and April 2025; (5) check register and general ledger for 2024 and 2025; (6) a list of all March, April, and May 2025 rents collected to date; (7) security deposit ledger, and confirmation of where funds are currently being held; (8) accounts receivable report and associated tenant ledgers; (9) accounts payable report and associated invoices; (10) February, March, and April 2025 bank statements; and (11) operating budget for 2024 and 2025. (Receiver Decl. ¶ 12.)

On May 5, 2025, Plaintiff filed a motion to compel Borrower Defendants to comply with the Receiver Order, hold Borrower Defendants and their counsel in contempt for their failure to comply with the Receiver Order, and fine Borrower Defendants and their counsel for the legal fees and costs incurred by Plaintiff for bringing the Motion to Compel. ("Motion to Compel," Dkt. 28.) Borrower Defendants did not respond.

The Court issued an order to show cause why the Motion to Compel should not be granted as unopposed. (May 16, 2025 Order to Show Cause.) Borrower Defendants again did not respond.

The Court granted the Motion to Compel in part and ordered Borrower Defendants to comply with the terms of the Receiver Order under threat of additional fines or other remedial measures, but it denied Plaintiff's request to hold Borrower Defendants or their counsel in contempt. (June 2, 2025 Order.)

Nine days later, Plaintiff filed a letter stating that Zevest Realty remained noncompliant with the Receiver Order.  (Dkt. 31.)  The Court issued an order to show cause why the Court should not impose sanctions for failure to comply with the Receiver Order, warning that "[f]ailure to respond will likely result in the imposition of sanctions." (June 11, 2025 Order to Show Cause.)  No response was filed.  On June 23, 2025, Plaintiff filed the Motion.  (Dkt. 32.)  The Court warned that failure to respond will likely result in the imposition of sanctions.  (August 1, 2025 Order.)  No response was filed.

On August 1, 2025, Plaintiff filed a status report (Dkt. 33) stating that Borrower Defendants did not respond to any of its discovery requests, and certifying the close of all discovery pursuant to the so-ordered discovery plan.  (Dkt. 21).  Shortly thereafter, Plaintiff filed a motion for pre-motion conference regarding an anticipated motion for summary judgment against Borrower Defendants. The Court held the motion in abeyance pending resolution of this Motion.  (Sep. 9, 2025 Order.)

Oral argument regarding the Motion was held on October 16, 2025, at which Avinoam Rosenfeld, Esq. appeared on behalf of Borrower Defendants.[2]  Mr. Rosenfeld stated that he had serious health issues starting in June and July 2025, which prevented him from responding to the Court's orders and Plaintiff's communications.  (Oct. 16, 2025 Minute Entry and Order.)  The Court denied Mr. Rosenfeld's oral request for extension of time to file an opposition to the Motion and directed Zevest Realty to fully comply with the Receiver Order by October 23, 2025.  (*Id.*)

On October 29, 2025, Plaintiff filed a status report stating that Zevest Realty "has provided certain outstanding items" but remained noncompliant with the Receiver Order because it failed to produce "a list of all March 2025 rents collected to date, February 2025 bank statements, and month to date activity for [Zevest Realty] including current balance as of March 19, 2025." (Plaintiff's Status

---

[2] Mr. Rosenfeld initially stated that he only represents Zevest Realty but later clarified that he represents both Borrower Defendants.  (*See* Oct. 16, 2025 Minute Entry and Order; Letter, Dkt. 38.)

Report at 2, Dkt. 39.)  In addition, Plaintiff filed supplemental declarations stating that it incurred $7,909.00 in attorneys' fees from May 5, 2025 through October 22, 2025 in connection with its efforts to compel Zevest Realty's compliance with the Receiver Order.  ("Pl. First Supp. Decl." ¶¶ 3-4, Dkt. 40; "Pl. Second Supp. Decl." ¶¶ 3-4, Dkt. 43-2.)

Borrower Defendants stated that they were unable to produce the outstanding documents "because the account was closed and [Borrower] Defendants did not retain the physical statements." ("Borrower Defs. Response" at 2, Dkt. 41.)  In addition, Borrower Defendants requested that the Motion be denied because Mr. Rosenfeld's health issues limited his ability to respond to the Court's orders, and their failure to comply with the Receiver Order "hasn't impeded in any manner the Receiver's ability to control the [P]roperty or collect rent."  (*Id.* at 3.)

To date, the receiver reports filed by Plaintiff cover the period March 18, 2025 through November 30, 2025 (*see* Dkts. 30, 35, 36, 37, 42, 47 (collectively, "Receiver Reports")), and indicate that rent payments have been collected from the tenants since April 2025.  (*See, e.g.*, November Receiver Report at 36, Dkt. 47 (ECF pagination).)

## **DISCUSSION**

### I.     **Plaintiff's Request to Strike Borrower Defendants' Answer**

#### A.     *Legal Standard*

"Every district court 'has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for . . . disobeying the court's orders.'" *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (quoting *Mickle v. Morin,* 297 F.3d 114, 125 (2d Cir. 2002)).  The Court's inherent power includes the power to strike a party's pleadings for failure to comply with court orders.  *See, e.g.*, *Bratta v. Tramp*, No. 08-CV-4073 (JFB)(ETB), 2009 WL 10708936, at *2 (E.D.N.Y. Nov. 30, 2009); *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10-CV-2709 (PGG), 2013 WL 1195603, at *5 (S.D.N.Y. Mar. 25, 2013).

Striking a defendant's answer is tantamount to entering default judgment against that party; therefore, "a court must proceed with great restraint and caution in determining whether there are sufficient grounds to justify such an extreme sanction." *Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 123 (S.D.N.Y. 2015); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."); *HBA&MFL NY LLC v. Tatiana*, No. 24-CV-1568 (NSR), 2025 WL 88828, at *2 (S.D.N.Y. Jan. 14, 2025) (noting that motions to strike are "generally disfavored and granted only if there is a strong reason to do so"). "Cases in which courts have struck pleadings, or entered judgment against a party, have generally involved intentional misconduct that has materially and negatively affected the resolution of an action." *Walpert*, 127 F. Supp. 3d at 123 (collecting cases).

### B.    *Application of Law to Facts*

Plaintiff requests that Borrower Defendants' Answer be stricken because "they continue to fail and refuse to comply with the Receiver Order," and "it seems highly unlikely that any monetary sanctions would be paid even if so imposed." (Motion at 2.)

The "goal of a receivership is simply to collect rent monies that [d]efendants would usually receive while the foreclosure action is pending and, in the case of a successful foreclosure action, apply those monies to the foreclosure judgment." *U.S. Bank, Nat'l Ass'n v. R N R Mgmt., LLC*, No. 12-CV-1899 (SLT)(VMS), 2016 WL 11395003, at *10 (E.D.N.Y. Jan. 5, 2016), *R&R adopted sub nom.*, *U.S. Bank, Nat'l Ass'n v. RNR Mgmt., LLC*, 2016 WL 3020868 (E.D.N.Y. May 24, 2016). "If there is no foreclosure judgment, or the sale of the property satisfies the foreclosure judgment, then the rent monies paid to the receiver would be returned to the defendants." *Id.*

The Receiver Reports show that rent payments have been collected since April 2025, *i.e.*, soon after the Receiver Order was entered on March 18, 2025. (*See* Receiver Reports.) Plaintiff offers no evidence that Zevest Realty's failure to comply with the Receiver Order frustrated the goal of the

receivership, nor does Plaintiff show that Zevest Realty's noncompliance "materially and negatively affected the resolution of [this] action" such that the Answer should be stricken.[3]  *Walpert*, 127 F. Supp. 3d at 123.

Moreover, Plaintiff does not provide any evidence showing that Borrower Defendants have delayed this litigation or otherwise interfered with its efforts to pursue its claims.  *See, e.g.*, *Walpert*, 127 F. Supp. 3d at 124 (striking answer because defendants engaged in "variety of misconduct . . . calculated to derail this litigation and frustrate any judgment that [p]laintiff might obtain"); *Cerruti 1881 S.A. v. Cerruti, Inc.,* 169 F.R.D. 573, 583-84 (S.D.N.Y. 1996) (striking answer where defendants produced fraudulent records in response to discovery demands); *RJ Kitchen Assocs. Inc. v. Skalski*, No. 16-1436 (LDH)(AKT), 2018 WL 5456672, at *6 (E.D.N.Y. Aug. 2, 2018) (striking answer for misrepresentations regarding compliance with court orders and failure to fulfill discovery obligations).  On the contrary, this case has been proceeding pursuant to the Scheduling Order (Dkt. 21), with Plaintiff certifying the close of discovery (Dkt. 33) and indicating that it intends to move for summary judgment.  (Dkt. 34.)

Considering that the Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default," *Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 100 F.3d 243, 249 (2d Cir. 1996), I find that striking Borrower Defendants' Answer is not warranted under these circumstances.

---

[3] In the Motion to Compel, Plaintiff requested that Borrower Defendants be compelled to comply with the Receiver Order.  (*See* Motion to Compel at 2 (requesting that the Court issue an order "(iii) compelling Borrower Defendants . . . to comply with the terms of the Receiver Order")).)  The Court granted the request as unopposed.  (June 2, 2025 Order.)  However, the Receiver Order directed only Zevest Realty, not Ms. Goldstein, to deliver possession of the Property and all related records to the Receiver.  (*See* Receiver Order at 2-3.)  Accordingly, I find that Ms. Goldstein did not violate the terms of the Receiver Order or the subsequent Court orders directing compliance with the Receiver Order.  (*See* Orders dated June 2 and 11, 2025.)

Accordingly, I respectfully recommend that Plaintiff's request to strike Borrower Defendants' Answer be denied.

## II.    Plaintiff's Request for Monetary Sanctions

Plaintiff seeks $7,909.00 in attorneys' fees as sanctions for the 11.20 hours that Carter Wallace, Esq. and Bradley Gardner, Esq. billed "at a blended hourly rate of $775.00" from May 5, 2025 through October 22, 2025.[4]  (Pl. Second Supp. Decl. ¶¶ 3-4; *see also* "Time Records" at 2, Dkt. 43-1.)  The Time Records show that counsel billed 5.50 hours for legal research and drafting the Motion to Compel and related submissions (Time Records at 2), and 5.70 hours for their continued efforts to compel Zevest Realty's compliance with the Receiver Order since filing the Motion to Compel on May 5, 2025, including preparing for and appearing at oral argument regarding the Motion.  (Time Records at 6-16; Plaintiff's Nov. 21, 2025 Letter, Dkt. 43.)

"It is axiomatic that attorneys must comply with court orders and have a responsibility to oversee their clients' compliance." *Hart v. Blanchette*, No. 13-CV-6458 (CJS)(MWP), 2019 WL 1416632, at *22 (W.D.N.Y. Mar. 29, 2019), *R&R adopted sub nom. Hart v. Crab Addison, Inc.*, 2021 WL 2002996 (W.D.N.Y. May 19, 2021).  "Under its inherent power, a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'"  *Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-CV-407 (NG)(RLM), 2022 WL 17685501, at *6 (E.D.N.Y. July 7, 2022) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("[E]ven though the so-called 'American Rule' prohibits fee shifting in most cases . . . a court may assess attorney's fees as a sanction for the willful disobedience of a court order.")).  "The imposition of sanctions pursuant to a court's inherent authority is truly discretionary," and "the court is not required to sanction a party or attorney even if it has determined that some wrongdoing has occurred." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020).

---

[4] The "blended rate of $775.00" appears to be the average of the hourly rates for Carter Wallace, Esq. ($660.00) and Bradley Gardner, Esq. ($890.00).  (*See* Time Records at 6.)

The Court directed Zevest Realty on March 18, 2025 to immediately deliver the Property and all related records, keys, rents, security deposits, contracts, financials, and management documents to the Receiver. (Receiver Order at 2-3.) Zevest Realty partially complied with the Receiver Order, but not fully. The Court ordered it on June 2, 2025 to fully comply. Three weeks later, having received no response from Zevest Realty, Plaintiff filed the Motion.

Counsel had a duty to comply, and oversee his client's compliance, with the March 18, 2025 Receiver Order and June 2, 2025 Order. Mr. Rosenfeld stated that he failed to comply because he suffered from serious health issues, beginning in June 2025, but does not explain Zevest Realty's incomplete compliance in March, April, and May 2025. Moreover, an attorney who suffers from a physical or mental condition that impairs his ability to represent his client should notify the client and, if necessary, withdraw his representation. *See Martin v. Giordano*, 185 F. Supp. 3d 339, 364 (E.D.N.Y. 2016); *see also* Rule 1.16(b)(2) of the N.Y. Rules of Professional Conduct (requiring withdrawal where "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client"). Mr. Rosenfeld also does not describe any steps he took to notify Plaintiff or the Court of his infirmity or make any arrangements for handling this case while he was indisposed.

Despite these shortcomings in representation, however, I do not find it appropriate to require Zevest Realty or its counsel to pay Plaintiff $7,909.00 in attorneys' fees. Between March 18 and May 5, 2025, Zevest Realty did partially comply with the Receiver Order by producing the rent roll, tenant leases, W-9 for Zevest Realty, certificate of insurance, utility invoices, and information regarding any tax appeals, deferred maintenance, and active litigation. (*See* Email Correspondence at 3-9, Ex. 5 to the Motion to Compel, Dkt. 28-6; March-April Receiver Report at 20 (ECF pagination), Dkt. 30.) By the end of October 2025, Zevest Realty produced the remaining documents and explained why it was unable to produce records from February and March 2025. (Borrower Defs. Response.) Thus, the work expended by Plaintiff's counsel from May 5 to October 22, 2025 involved efforts to secure some

missing documents, none of which appeared to impede the Receiver's ability to collect rents. Moreover, the Time Records do not reflect any effort by Plaintiff to reach Mr. Rosenfeld directly to attempt resolution or request an explanation rather than filing multiple motions.

Having considered all the circumstances and information presented by the parties, I respectfully recommend that Plaintiff's request that attorneys' fees be imposed as sanctions pursuant to the Court's inherent power be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Motion be denied.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
          January 23, 2026

10